# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0219, <u>State of New Hampshire v. Paulson Papillon</u>, the court on July 12, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Paulson Papillon, an inmate at the state prison, appeals his conviction, following a jury trial, of conspiracy to deliver articles to prisoners. <u>See</u> RSA 622:24 (Supp. 2018); RSA 629:3 (2016). He argues that the Superior Court (<u>Nicolosi</u>, J.) erred in admitting into evidence Sprint telephone records and the co-defendant's bail questionnaire. The State introduced this evidence to prove that the telephone number that the defendant and others involved in the conspiracy called to arrange delivery of contraband into the prison belonged to his sister, the co-defendant.

"We review challenges to a trial court's evidentiary rulings under our unsustainable exercise of discretion standard and reverse only if the rulings are clearly untenable or unreasonable to the prejudice of a party's case." <u>State v. Fiske</u>, 170 N.H. 279, 286 (2017) (quotation omitted). "In determining whether a ruling is a proper exercise of judicial discretion, we consider whether the record establishes an objective basis sufficient to sustain the discretionary decision made." <u>Id</u>.

As an initial matter, the State argues that the defendant failed to preserve his issues for appeal because he did not object to the admission of the evidence at trial; only the co-defendant objected. For purposes of this appeal, we assume, without deciding, that the issues are preserved.

The defendant first argues that the trial court erred in admitting the Sprint records because, he asserts, they were not properly authenticated. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." <u>State v. Palermo</u>, 168 N.H. 387, 392 (2015) (brackets and quotation omitted). "The bar for authentication of evidence is not particularly high." <u>Id</u>. (quotation omitted). Extrinsic evidence of authenticity as a condition precedent to admissibility is not required for certified domestic records of regularly conducted activity. <u>State v. Huffman</u>, 154 N.H. 678, 682 (2007); <u>N.H. R. Ev.</u> 902(11). The defendant argues that the certification in this case was defective because it referenced

documents that had been produced one month earlier, and did not identify the records to which they pertained except by reference to the date on which they were produced, the phone number to which they corresponded, and the Sprint case number. In addition, although the certification referred to "the records attached hereto," the records had, in fact, been produced separately.

The trial transcript shows that the certification was prepared on the fourth day of trial to address the defendant's objection to an error in an earlier certification. The record also shows that the notarized certification, from a Sprint compliance analyst, on Sprint letterhead, referenced the same phone number and Sprint case number printed on the phone records that had been produced earlier. The phone records themselves referenced the trial court's docket number for this case. Under these circumstances, we conclude that the evidence was sufficient to support the court's finding that the certification pertained to the referenced phone records. See Palermo, 168 N.H. at 392. We reject the defendant's assertion that the admission of the evidence in this manner deprived him of an opportunity to investigate its authenticity. See N.H. R. Ev. 902 (11) (requiring proponent to provide "a fair opportunity to challenge" the record and certification). The prosecutor stated on the record that she had spoken with the analyst "on the phone three times during the lunch break," and that the analyst had said that she was willing to certify the records over the phone, if necessary.

The defendant further argues that even if the certification was otherwise proper, it was not the original, and "there was no evidence that it was an accurate copy of the original." However, Rule 1003 provides that "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." N.H. R. Ev. 1003. In this case, although the defendant objected to the admission of the duplicate, he raised no genuine question about the original's authenticity, and although he argues that there was no evidence describing how the copy was produced, he conceded at trial that it was a "photocopy." See N.H. R. Ev. 1001(e) (defining "duplicate" as "a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original"). Accordingly, we conclude that the trial court did not err in admitting the duplicate certification.

The defendant next argues that the trial court erred in admitting the co-defendant's bail questionnaire as a record of a regularly conducted activity. Under Rule 803(6), a record made from information transmitted by someone with knowledge, kept in the course of an organization's regularly conducted activity, may be admissible as an exception to the rule against hearsay. See N.H. R. Ev. 803(6). The clerk of the Concord Circuit Court testified that the bail commissioners use the questionnaire to obtain contact information from a defendant when they set bail. The defendant argues that the questionnaire,

2

which contained the co-defendant's phone number, was inadmissible hearsay because it appeared to have been prepared by the bail commissioner, not the defendant, and "there was no evidence as to who or what the source was for the information set forth" in the completed form. However, the clerk testified that when a defendant does not complete the form him or herself, "the bail commissioner reviews [the questionnaire] with the defendant." In this case, the completed questionnaire bears the commissioner's initials, the date, and the co-defendant's signature. These facts support the court's finding that the information came from the defendant, and not "the police department's internal database, the phone book or an internet site," as the defendant speculates. We conclude, moreover, that the record satisfies the requirement in Rule 803(6) that "neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness." See N.H. R. Ev. 803(6)(E). Accordingly, we conclude that the trial court did not err in admitting the co-defendant's bail questionnaire.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

3